# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FLORENCIO C. URIBE,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

Case No. 2:13-cv-00587-JAD-CWH

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition and petitioner's motion for the appointment of counsel.

**I. Procedural History**

    On February 18, 2005, the State charged petitioner and his co-defendant, Salvana Maria Fernandez, with the following: Count 1, first-degree murder; Count 2, in the alternative to Count 1, first-degree murder by means of child abuse; Count 3, in the alternative to Counts 1 and 2 as to petitioner, aiding and abetting first-degree murder by means of child abuse; Counts 5 and 6, in the alternative to Counts 1-4 as to both defendants, second-degree murder; and Count 7, in the alternative to Counts 1-6 as to both defendants, child abuse resulting in substantial bodily harm. (Exhibit 2).[1] The charges were based on the abuse and ultimate death of petitioner's and Fernandez's natural daughter, seven-month-old Monica Uribe. (*Id.*).

---

[1] The exhibits referenced in this order are found in the Court's record at Docs. 8-15.

1    The parties stipulated to continue the preliminary hearing so that petitioner could undergo
2 psychological evaluation. (Exhibit 4). Petitioner entered a conditional waiver of the preliminary
3 examination pending evaluation. (Exhibits 6, 7).

4    In the Fourth Judicial District, County of Elko, the State charged petitioner and Fernandez
5 by criminal information with the same seven counts contained in the criminal complaint. (Exhibit
6 9).

7    On June 27, 2005, following the court's review of psychological evaluations and counsel's
8 arguments, the district court found petitioner competent to assist counsel and to understand the
9 proceedings. (Exhibits 14 & 15). The court remanded the matter to the justice court for a
10 preliminary hearing. (Exhibit 14).

11    Following a preliminary hearing, the justice court bound both defendants over to the district
12 court on all charges. (Exhibits 20 & 21). The State filed a second criminal information charging
13 petitioner and co-defendant Fernandez with the same seven charges. (Exhibit 22). Petitioner pled
14 not guilty. (Exhibit 8, 10/17/05 entry). On March 24, 2006, the court granted Fernandez's motion
15 to sever the trials. (Exhibits 31, 41). The court further ordered that the trial for Fernandez would
16 proceed first. (Exhibit 41).

17    On June 22, 2006, a jury found Fernandez guilty of child abuse or neglect resulting in
18 substantial bodily harm pursuant to Nevada Revised Statutes 200.508. (Exhibit 49). Fernandez was
19 sentenced to 96-240 months in prison. (Exhibit 90).

20    Petitioner's trial began on August 21, 2006. (Exhibit 63). On September 1, 2006, the jury
21 found petitioner guilty of child abuse resulting in substantial bodily harm pursuant to NRS 200.508.
22 (Exhibit 87). On October 24, 2006, the court sentenced petitioner to 96-240 months in prison.
23 (Exhibit 91). Petitioner's judgment of conviction was filed on November 7, 2006. (Exhibit 92).

24    Petitioner appealed his conviction. (Exhibit 93). On direct appeal, petitioner asserted that
25 the prosecution should have been precluded from trying him on the murder counts, and the fact that
26 the jury was ambiguously informed about the co-defendant's conviction likely resulted in a
27 compromised verdict. (Exhibit 99). Petitioner also argued that his sentence was an abuse of
28

discretion. (*Id.*). On April 6, 2007, the Nevada Supreme Court affirmed the conviction. (Exhibit 101). Remittitur issued on May 2, 2007. (Exhibit 102).

On May 24, 2010, petitioner, proceeding *pro se*, filed a post-conviction habeas petition in the state district court. (Exhibit 111). Appointed counsel filed a supplemental petition on December 30, 2010. (Exhibit 122). At a hearing held on September 28, 2011, petitioner argued that he could overcome the untimely filing of his state post-conviction habeas petition under NRS 34.726 because he was actually innocent. (Exhibit 137). The court orally denied the petition. (*Id.*). On October 5, 2011, the court entered its written order dismissing the petition as untimely pursuant to NRS 34.726. (Exhibit 138). The court filed an amended order dismissing the petition on October 7, 2011. (Exhibit 140).

Petitioner appealed the denial of his state post-conviction habeas petition. (Exhibit 142). On appeal, petitioner argued that the untimely filing of the petition should be excused, based on the fundamental miscarriage of justice theory, because he was actually innocent. (Exhibit 149). Petitioner also argued that his trial counsel was ineffective for failing to appeal faulty charging documents and jury instructions. (*Id.*). On September 12, 2012, the Nevada Supreme Court affirmed the dismissal, finding the petition untimely and that petitioner failed to demonstrate a fundamental miscarriage of justice sufficient to overcome the procedural bar. (Exhibit 156). The Nevada Supreme Court denied petitioner's petition for rehearing and petition for en banc reconsideration. (Exhibits 160 & 162). Remittitur issued on January 14, 2013. (Exhibit 163).

On March 28, 2013, petitioner dispatched his federal habeas corpus petition to this Court. (Doc. 4, at p. 1). Respondents have filed a motion to dismiss the petition. (Doc. 7). Petitioner did not file an opposition to respondents' motion, however, petitioner filed a motion for the appointment of counsel. (Doc. 16).

**II. Petitioner's Motion for Appointment of Counsel**

Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint

counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is justified in this instance. The motion for appointment of counsel is denied.

**III. Motion to Dismiss**

Respondents argue that the petition is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court explained in *Pace*:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

Pace. 544 U.S. at 413-14.

In the present case, petitioner's judgment of conviction was entered on November 7, 2006. (Exhibit 92). Petitioner appealed his conviction. (Exhibit 93). The Nevada Supreme Court's order affirming the conviction on direct review was filed on April 6, 2007. (Exhibit 101). Petitioner had 90 days from that date to seek *certiorari* with the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final 90 days later, on July 6, 2007, at the expiration of the time period to file an application for certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999). Petitioner then had one year, until July 7, 2008, to file the federal habeas petition, unless the time was otherwise tolled by federal statute.

Petitioner filed his state post-conviction habeas petition on May 24, 2010. (Exhibit 111). The time period from July 7, 2007, when the ninety days for petitioner to seek *certiorari* from the United States Supreme Court expired, to May 24, 2010, is 1,052 days. Because petitioner had no properly filed application for state post-conviction or other collateral review pending during this time period, this time is not statutorily tolled. While a properly filed state post-conviction petition tolls the statute of limitations, a state post-conviction petition that violates the state statute of limitations is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace*, 544 U.S. at 412-

1  16 . The state district court dismissed the petition as untimely. (Exhibit 140). On September 12,
2  2012, the Nevada Supreme Court also held that petitioner's state habeas petition was untimely
3  pursuant to NRS 34.726. (Exhibit 156). Remittitur issued on January 14, 2013. (Exhibit 163).
4  Thus, petitioner's state habeas petition was not a "properly filed application" that would toll the
5  AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2). Therefore, the 965 days in which the
6  petition was pending in the state courts is not entitled to statutory tolling.

7  Petitioner dispatched the federal habeas petition on March 28, 2013. (Doc. 4, at p. 1).
8  Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it
9  was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). The period of
10 time from the Nevada Supreme Court's issuance of remittitur on January 14, 2013, until the date of
11 filing of the federal petition, March 28, 2013, is 72 days. This period of time is not tolled by statute.
12 28 U.S.C. § 2244(d)(1).

13 Petitioner utilized a total of 2,089 days (nearly six years) not otherwise tolled by federal
14 statute to file his federal habeas petition. The federal petition is untimely and barred by the
15 AEDPA's one-year statute of limitations.

16 The United States Supreme Court has held that the AEDPA's statute of limitations "is
17 subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).
18 The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1)
19 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in
20 his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).
21 The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-*
22 *Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his
23 untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v.*
24 *Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external
25 force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'"
26 *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556
27 F.3d 1008, 1011 (9th Cir. 2009)). A *pro se* petitioner's lack of legal knowledge or sophistication is
28 not, by itself, an extraordinary circumstance warranting tolling. *Raspberry v. Garcia*, 448 F.3d

-6-

1150, 1154 (9th Cir. 2006).  In the instant case, petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal petition.  Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

Finally, a federal habeas petitioner may overcome the expiration of the AEDPA statute of limitations by making a showing of actual innocence, allowing the court to review the petition on the merits.  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-35 (2013).  When an otherwise time-barred habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," the court may consider the petition on the merits.  *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995).  Under *Schlup*, a petitioner may overcome a procedural default or expiration of the statute of limitations by (1) producing "new reliable evidence [of innocence] – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *Schlup*, 513 U.S. at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.  The *Schlup* standard permits review only in the "extraordinary" case. *Id.* at 324.  The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928.  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and seldom met).  In the instant case, although petitioner alleges in his federal petition that he is innocent, he has not alleged the existence of any new reliable evidence of innocence, therefore, he cannot pass through the *Schlup* actual-innocence gateway to allow this Court to reach the merits of his petition. Petitioner provides no basis to support his claim of actual innocence, other than alleging that the State failed to prove his guilt.  Petitioner's broad and conclusory allegations of innocence are insufficient to allow this Court to consider the merits of his time-barred claims.  The petition must be dismissed as untimely.

**IV. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (**Doc. 7**) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 11th day of June, 2014.

_____
UNITED STATES DISTRICT JUDGE